UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------

PRIEST DAVIS,

        Petitioner,

  - vs -              9:07-CV-1248

SUPERINTENDENT BARDT; ATTORNEY
GENERAL, State of Maryland; ATTORNEY
GENERAL, State of New York; CHRISTOPHER
EASTRIDGE, State Attorney,

        Respondents.

---------------------------------------------------------------

APPEARANCES:

PRIEST DAVIS
Petitioner, *pro se*
04-A-0452

DAVID N. HURD
United States District Judge

## O R D E R

  The Court has received a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 filed by Priest Davis ("petitioner" or "Davis"). Davis is presently incarcerated at the Elmira Correctional Facility, and has paid the statutory filing fee required to maintain this action.

  Petitioner is presently serving a sentence from the Kings County Court arising from a conviction for robbery. According to the Department of Correctional Services' web site,[1] petitioner's earliest release date is March 20, 2011.

  In his petition, Davis does not challenge his New York State conviction. Rather, petitioner alleges that the State of Maryland has violated the Interstate Agreement on

---

[1]  http://www.docs.state.ny.us/

Detainers (the "Agreement"), codified in the State of New York at N.Y. CPL § 580.20. Dkt. No. 1.

Petitioner alleges that he was advised that a detainer was lodged with the State of New York due to an outstanding bench warrant in the State of Maryland. Petitioner alleges that he sought final resolution of the criminal charges pending in Maryland, and that he has fully complied with the Agreement. Petitioner alleges that the State of Maryland has failed to act on his request for a trial on the charges in violation of the Agreement. As a result of the alleged violation, petitioner asks this Court to dismiss a bench warrant issued from the State of Maryland. *Id.*

The Court notes that a November 14, 2007, letter from the Elmira Correctional Facility Inmate Records Coordinator is annexed hereto, which states that "[s]ince the 180 day time limit expired, we assume no custodial responsibility for the detainer." Dkt. No. 1. The letter concludes with the request "[p]lease advise if these detainers are still active." *Id.* Thus, it is not clear whether or not the State of New York continues to honor the detainer in question. Accordingly, based on the petition before the Court, petitioner has failed to set forth a justiciable controversy.

Moreover, it is well established that a violation of the Agreement is not a cognizable claim for habeas review pursuant to 28 U.S.C. § 2254. *Reilly v. FCI Petersburg*, 947 F.2d 43 (2d Cir. 1991), *cert. denied* 502 U.S. 1115 (1992); *See also*, *Pizetzky v. Attorney General*, 329 F. Supp.2d 371 (E.D.N.Y. 2004); *Keeling v. Varner*, 2003 WL 21919433 (E.D.N.Y. 2003). Thus, even if there is a dispute with respect to the validity of the underlying warrant and detainer, it would appear that petitioner's avenues

of redress may lie with administrative review through the New York State Department of Correctional Services, or, through an action in the State of Maryland. However, a habeas proceeding pursuant to 28 U.S.C. § 2254 is not a vehicle to seek redress for such alleged violations.

THEREFORE, it is

ORDERED, that

1. This action is DISMISSED; and

2. The Clerk is directed to serve a copy of this Order on the petitioner in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:   January 10, 2008
         Utica, New York.

_____
United States District Judge